The opinion of the court was delivered by
Blanchard, J.
The ground for the motion to dismiss is want of jurisdiction, rations materias. It is represented that the matter in dispute is the possession of immovable property, the value of which possession is less than $2000.
In a suif bearing this title plaintiff had recovered a money judgment against defendant. Execution issued and certain immovable properties were seized, among them that with reference to the possession of which the present controversy arose.
As the result of this seizure and the sale which followed, the sheriff executed a deed to the plaintiff as the purchaser of Lpts Nos. 5 and 6 in Square 32, bounded by Camp, Chestnut, Robert and Soniat streets, in the city of New Orleans. The premises were occupied by defendant Riedy and his family. He refused to vacate.
Whereupon plaintiff took a rule upon the civil sheriff and Riedy to show cause, at a time fixed, why the former should not be ordered peremptorily to eject defendant from .the property and put the purchaser (plaintiff) in possession.
For answer to the rule, the sheriff returned that he had made every effort to place plaintiff in possession of the property, but had been unable to eject the occupants therefrom, owing to the serious illness of defendant’s wife.
In his answer to the rule, defendant Riedy attacks the act, of sale as incorrect and false, concluding with the prayer that the rule for possession be dismissed with costs. He does not pray for judgment decreeing-the nullity of plaintiff’s title.
Nowhere in-the pleadings or evidence is it stated or proven what the value of the possession of the premises is, exe.ept that in a rule taken by the appellee to increase the amount of the appeal bond the statement is made that the rental value of the property is $300 per year.
The sheriff’s deed to plaintiff shows the value of the property itself to be $2625 — that is to say, it brought that price at the sheriff’s sale.
The judgment of the court a qua on the rule was that the same be made absolute, and that the civil sheriff proceed to eject the defendant from the property and deliver the possession thereof to plaintiff.
This appeal, suspensive in character, followed, on a bond for $250 fixed by the judge.
*1355 We do not think the title to the property was an issue, or could be made an issue, in the rule taken on the sheriff and the occupant to show cause why the sheriff should not put the purchaser in possession of the same, following the execution of his deed to the latter. The proper course for the defendant, who was the occupant, to have pursued to test the sufficiency of plaintiff’s title, was to bring a direct action, setting up the grounds of nullity, and invoking the writ of injunction to stay ejectment proceedings against him.
On the trial of the rule nothing was at issue save the right of possession. That which was sought to be accomplished, and that which was defended against, was the vesting of possession, the putting of possession, of the premises in the plaintiff in rule.
The possession, then, of the property was “the bone of contention.”
To give this court jurisdiction the record must affirmatively show by allegation or proof that the value of this possession exceeds $2000.
This is not shown, and, accordingly, the motion to dismiss must prevail.
It is, therefore, ordered that the appeal herein taken be dismissed at the costs of the appellant.
Rehearing refused.